**E-FILED on** 07/29/09

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PIERRE DUBE<br><br>Plaintiff,<br><br>v.<br><br>NETMANAGE, INC. LONG-TERM DISABILITY PLAN.<br><br>Defendant. | No. C-09-01470 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>**Re Docket No. 9** |

Plaintiff Pierre Dube ("Dube") moves for default judgment against defendant NetManage, Inc. Long-Term Disability Plan ("the Plan"). The court has considered the papers submitted in support of this motion for default judgment. For the reasons set forth below, the court grants Dube's motion for default judgment.

## I. BACKGROUND

NetManage Inc. hired Plaintiff Dube as an Information Technology manager in March 2001. Decl. of CSS Ex 10. Through his employer, Dube was a participant in the Plan, which offered long-term disability benefits to employees and was funded by Reliance Standard Life Insurance Company ("RSL"). Compl. ¶ 5.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT—No. C-09-01470 RMW

On May 18, 1998, several years prior to beginning his employment for NetManage, Dube fractured his left arm and was diagnosed with Reflexive Sympathetic Dystrophy. *Id*. ¶¶ 7-8. The condition is characterized by pain, sensitivity to touch and impairment of motor skills, beginning first in one limb and then spreading to other areas. *Id*. ¶ 9.

Dube became entitled to disability benefits from the Social Security Administration beginning in November 2002. *Id*. ¶ 12. On December 1, 2003, RSL approved Dube for Long Term Disability benefits of $4,035.80 a month, retroactive to September 27, 2002. *Id*. ¶ 13; Decl. of CSS Ex. 3. RSL found that Dube was "Totally Disabled" as defined by the policy. Mot. for Default J. 3. However, RSL suspended Dube's benefits on January 27, 2005, because Dube had not submitted all of the required medical information to RSL. *Id*. at 4. After receiving medical information from Dube's physician, Dr. Wexler, RSL decided to terminate Dube's Long Term Disability benefits because it decided that "mental and nervous factors form the basis" of Dube's disability. Decl. of CSS Ex. 6. RSL's Long Term Disability policy provided Total Disability benefits for a two-year period where mental or nervous factors caused or contributed to the disability. *Id*. Ex. 4. Dube had already exceeded the two-year period on January 27, 2005. On the grounds that he is totally disabled because of reflexive sympathetic dystrophy and not a mental condition, Dube appealed RSL's decision to terminate his benefits. Mot. for Default J. 4. RSL concluded that it had correctly decided to terminate Dube's Long Term Disability benefits because psychiatric conditions caused or contributed to Dube's disability and because there was no clinical proof of his impairment. Decl. of CSS Ex. 7.

On April 3, 2009, Dube brought this claim against the Plan under 29 U.S.C. § 1132(a)(1)(B), which permits a participant in or beneficiary of an employee benefit plan to bring an action to recover benefits due under the terms of the plan, enforce his rights under the plan or clarify rights for future benefits under the plan. Defendant was served on the same day, and has not filed an answer. On June 12, 2009, default was entered against defendant.

## II. ANALYSIS

**A.     Default judgment**

A party may apply to the court for default judgment under Federal Rules of Civil Procedure 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1.     Merits of Substantive Claims and Sufficiency of the Complaint

After the entry of default, well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Dube's 29 U.S.C. § 1132(a)(1)(B) claim is that RSL did not award him monthly benefits he was due under the terms of his insurance policy. Compl. ¶ 22. Dube alleges that he should have been awarded monthly disability benefits until he reached the retirement age of 65 years and 8 months, and should not have had the benefits terminated approximately two and a half years prior to reaching retirement age. Mot. for Default J. 4. To justify the continued receipt of disability benefits until retirement age, Dube alleges that he was "Totally Disabled" under RSL's definition, and that his disability was not caused by a mental condition. *Id*. at 5. Dube's insurance policy with RSL defined "Totally Disabled" to mean "that as a result of an Injury or Sickness, during the Elimination Period and thereafter you cannot perform the material duties of your regular occupation." Decl. of CSS Ex. 4. The plan later explains that monthly benefits for total disability are limited to two years when mental illness contributes or causes the disability, but can continue until normal retirement age in the absence of mental illness. *Id*.

Dube alleges that a mental condition was not the cause or a contributing factor to his disability, but rather that his disability was caused by reflexive sympathetic dystrophy and cognitive deficit. Mot. for Default J. 5. Dube provides documentary support for this allegation including his physicians diagnosis that RSD is the cause of his impairment and inability to work (CSS Decl. Ex.

2) the Social Security Administration's finding that he is disabled (*Id*. Ex. 11), RSL's initial finding the Dube was totally disabled (*Id*. Ex. 3), and two of Dube's former colleagues' description of his cognitive difficulties at work (*Id*. Ex. 10). Taking Dube's allegations as true that he was totally disabled and a mental condition was not a contributing factor to his disability, Dube would have been entitled to disability benefits until he reached the retirement age of 65 years and 8 months on August 17, 2007. *Id*. Ex 4. (Dube was born in 1941 and his "Normal Retirement Age," as defined by the United States Social Security Act, is therefore 65 years and 8 months.) Accordingly, Dube has adequately stated a claim to recover under 29 U.S.C. § 1132(a)(1)(B).

### 2. Remainder of the *Eitel* Factors.

As defendant has not litigated this claim, the remaining *Eitel* factors also favor granting Dube's motion for default judgment. Dube would be prejudiced if default judgment were not awarded because he would not receive his disability benefits. Defendant Plan has not disputed Dube's assertion that he was unfairly denied long-term disability benefits, as a result there is no dispute concerning material facts nor is there any evidence of excusable neglect on the Plan's part. The policy underlying the Federal Rules of Civil Procedure favors deciding a case on its merits, but doing so is unfeasible when a defendant does not litigate the case. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The *Eitel* factors, on balance, convincingly favor granting Dube's motion for default judgment.

### B. Determination of Relief

Dube requests a total $143,971.23 in damages, consisting of $123,287.18 in past-due benefits, $12,328.72 prejudgment interest on those benefits, $9,765.00 in attorney's fees ($7,865 in fees for the motion and $1,900 to prepare for and appear at the hearing) and $490.33 in costs of the suit. Mot. for Default J. 4. Upon default, a court takes factual allegations as true except as to damages and some proof of damages is required. *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977). Dube's past due benefits are the product of the monthly long-term disability payment of $4,035.80 times the 30 months and 21 days (between July and August, two 31-day months), or 30.6774 months, those benefits were not awarded. This product comes out to

$123,807.93.[1] Dube provides extensive evidence to support the $9,765.00 in attorney's fees, including the number of hours billed by each attorney and other employee working on the claim, and a description of each billable hour. The attorneys' hourly billing rates are supported by other cases in which the attorneys have billed identical or similar rates, and a description of the attorneys' relevant experience. On the basis of those hourly rates, $1900 is furthermore a reasonable fee for preparing for and appearing at the motion hearing. Dube also provides an itemized list of the $490.33 in costs of the suit.

Dube requests prejudgment interest of $12,328.72 on the past-due benefits, or 10% of the past-due benefits. Mot. for Default J. 4. "A district court may award prejudgment interest on an award of ERISA benefits at its discretion. Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.'" *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627-628 (9th Cir. 2007) (citation omitted). Dube does not appear to provide any reason to use a 10% interest rate in this case rather than the usual rate. Using the rate under 28 U.S.C. § 1961 is appropriate and equitable in this case. The statute prescribes an interest rate "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." 28 U.S.C. § 1961(a). It also explains that the interest rate shall be computed daily and compounded annually. 28 U.S.C. § 1961(b). The date of judgment is July 20, 2009, and the 1-year constant maturity Treasury yield for the week of July 24, 2009 is .48% or .0048. Federal Reserve Statistical Release, (July 6, 2009), http://www.federalreserve.gov/releases/h15/current/h15.htm. Had Dube received disability benefits until reaching the normal retirement age, he would have received monthly payments of $4,035.80 on the twenty seventh of each month for the 30 months from February 2005 until July 2007, and one payment of $2733.99 on August 17, 2007. The interest is calculated on each of these payments from the date that they would have been awarded until the date

---

[1] Plaintiff states in his papers that this amount is $123,287.18. Based on the court's calculation, the stated amount is the correct one.

of judgment on July 20, 2009.  The sum of the interest on these payments is $1,891.91, as detailed in table below.  Dube is therefore entitled to total damages of  $135,434.42, including $123,287.18 in benefits, $9,765.00 in attorney's fees, $490.33 in costs for the suit and $1,891.91 in prejudgment interest.

**1.      Table of Interest Payments**

| Payment Date | Judgment Date | Number of Years | Treasury Interest Rate | Payment Amount | Prejudgment Interest |
|---|---|---|---|---|---|
| 2/27/2005 | 7/29/2009 | 4.416 | 0.0048 | 4035.8 | 85.55 |
| 3/27/2005 | 7/29/2009 | 4.34 | 0.0048 | 4035.8 | 84.07 |
| 4/27/2005 | 7/29/2009 | 4.255 | 0.0048 | 4035.8 | 82.42 |
| 5/27/2005 | 7/29/2009 | 4.173 | 0.0048 | 4035.8 | 80.84 |
| 6/27/2005 | 7/29/2009 | 4.088 | 0.0048 | 4035.8 | 79.19 |
| 7/27/2005 | 7/29/2009 | 4.005 | 0.0048 | 4035.8 | 77.58 |
| 8/27/2005 | 7/29/2009 | 3.921 | 0.0048 | 4035.8 | 75.96 |
| 9/27/2005 | 7/29/2009 | 3.836 | 0.0048 | 4035.8 | 74.31 |
| 10/27/2005 | 7/29/2009 | 3.753 | 0.0048 | 4035.8 | 72.70 |
| 11/27/2005 | 7/29/2009 | 3.668 | 0.0048 | 4035.8 | 71.06 |
| 12/27/2005 | 7/29/2009 | 3.586 | 0.0048 | 4035.8 | 69.47 |
| 1/27/2006 | 7/29/2009 | 3.501 | 0.0048 | 4035.8 | 67.82 |
| 2/27/2006 | 7/29/2009 | 3.416 | 0.0048 | 4035.8 | 66.17 |
| 3/27/2006 | 7/29/2009 | 3.34 | 0.0048 | 4035.8 | 64.70 |
| 4/27/2006 | 7/29/2009 | 3.255 | 0.0048 | 4035.8 | 63.06 |
| 5/27/2006 | 7/29/2009 | 3.173 | 0.0048 | 4035.8 | 61.46 |
| 6/27/2006 | 7/29/2009 | 3.088 | 0.0048 | 4035.8 | 59.82 |
| 7/27/2006 | 7/29/2009 | 3.005 | 0.0048 | 4035.8 | 58.21 |
| 8/27/2006 | 7/29/2009 | 2.921 | 0.0048 | 4035.8 | 56.59 |
| 9/27/2006 | 7/29/2009 | 2.836 | 0.0048 | 4035.8 | 54.94 |
| 10/27/2006 | 7/29/2009 | 2.735 | 0.0048 | 4035.8 | 52.98 |
| 11/27/2006 | 7/29/2009 | 2.668 | 0.0048 | 4035.8 | 51.68 |
| 12/27/2006 | 7/29/2009 | 2.586 | 0.0048 | 4035.8 | 50.10 |

| | | | | | |
|---|---|---|---|---|---|
| 1/27/2007 | 7/29/2009 | 2.501 | 0.0048 | 4035.8 | 48.45 |
| 2/27/2007 | 7/29/2009 | 2.416 | 0.0048 | 4035.8 | 46.8 |
| 3/27/2007 | 7/29/2009 | 2.34 | 0.0048 | 4035.8 | 45.33 |
| 4/27/2007 | 7/29/2009 | 2.255 | 0.0048 | 4035.8 | 43.68 |
| 5/27/2007 | 7/29/2009 | 2.173 | 0.0048 | 4035.8 | 42.10 |
| 6/27/2007 | 7/29/2009 | 2.088 | 0.0048 | 4035.8 | 40.45 |
| 7/27/2007 | 7/29/2009 | 2.005 | 0.0048 | 4035.8 | 38.84 |
| 8/17/2007 | 7/29/2009 | 1.948 | 0.0048 | 2733.99 | 25.56 |
| | | | | Total: | 1,891.91 |

### III. ORDER

For the foregoing reasons, the court grants Dube's motion for default judgment. Judgment shall be entered in Dube's favor in the amount of $135,434.42 against defendant Plan.

**Dated:**    7/29/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Cassie Springer-Sullivan     css@ssrlawgroup.com
Michelle L. Roberts          mlr@ssrlawgroup.com

**Counsel for Defendants:**


Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**     7/29/09                              JAS
                                          **Chambers of Judge Whyte**